

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| EL Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>María B. Vélez Rodríguez<br><br>Peticionaria | Certiorari<br><br>2012 TSPR 139<br><br>186 DPR \_\_\_\_ |

Número del Caso: CC-2011-1032


Fecha: 14 de septiembre de 2012


Tribunal de Apelaciones:

     Región Judicial de Utuado


Abogado de la Parte Peticionaria:

     Lcda. Wanda T. Castro Alemán
     Sociedad para Asistencia Legal


Oficina del Procurador General:

     Lcdo. Luis Román Negrón
     Procurador General


Materia: Procedimiento Criminal – Regla 35: Contenido y redacción de la acusación.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

 Recurrido

   v.      CC-2011-1032  Certiorari

María B. Vélez Rodríguez

 Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a de 14 de septiembre de 2012.

En esta ocasión nos corresponde determinar si el Ministerio Público puede incluir, en el pliego acusatorio, citas textuales en primera persona de testigos potenciales. Contestamos en la negativa.

## I.

El Ministerio Público presentó una denuncia contra la Sra. María B. Vélez Rodríguez (peticionaria) por infracción al Art. 3.3 (maltrato por amenaza) de la Ley Núm. 54 de 15 de

agosto de 1989, "Ley para la Prevención e Intervención con la Violencia Doméstica".[1] Una vez se determinó causa probable para acusar, el Ministerio Público presentó la correspondiente acusación. Dicha acusación dispuso lo siguiente:

> La referida acusada, MAR[Í]A B. V[É]LEZ RODR[Í]GUEZ, allá en o para el 3 de MARZO de 2011, en Adjuntas, PUERTO RICO, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Utuado, ilegal, voluntaria, maliciosa y criminalmente, amenazó con causarle daño determinado, a C[Á]NDIDO BERIO RODR[Í]GUEZ, quien es su compañero consensual, consistente los hechos en que le manifestó: **"QUE ME IBA A MATAR DONDE ME VIERA Y TE VOY A PERSEGUIR HASTA DARTE DOS PUÑALADAS. LUEGO ALLÍ MISMO ME DIJO, SÁTIRO, CABRÓN, ME CAGO EN TU MADRE, NO TE VAYAS A QUEDAR DONDE TU DUERMES, PORQUE TE VOY A PUÑALEAR LA ESPALDA"**. Sintiendo el perjudicado temor por su vida.[2] (Énfasis suplido.)

El día señalado para la lectura de acusación, la representación legal de la peticionaria solicitó en la vista la desestimación del caso. Arguyó que en la acusación sometida no prevalecía el Art. 3.3 de la Ley Núm. 54. Luego de examinar los planteamientos de las partes, el Tribunal de Primera Instancia acogió –en corte abierta– la solicitud de la defensa y ordenó al Ministerio Público enmendar el pliego acusatorio en un término de 5 días o de lo contrario desestimaría el caso. Inconforme, el Ministerio Público presentó una moción de reconsideración en la que señaló, principalmente, que la acusación cumplía con los requisitos constitucionales y

---

[1] 8 L.P.R.A. sec. 633.

[2] Apéndice del *certiorari*, pág. 73.

estatutarios. Es decir, que la acusación contenía una exposición narrativa corta de los hechos esenciales constitutivos del delito imputado, cumplía con la notificación suficiente al acusado y le protegía contra la doble exposición.

Posteriormente, el Tribunal de Primera Instancia ratificó su decisión original y declaró no ha lugar la solicitud de reconsideración antedicha. La ilustrada sala de primera instancia concluyó lo siguiente:

> Concluimos pues, que el estilo en adoptar expresiones en primera persona de testigos potenciales puede provocar confusión al juzgador de los hechos. Colocaría también al Ministerio Público en una situación de vulnerabilidad ante la posibilidad de no probar hechos concretos alegados en la acusación que confundan al juzgador y acarreen un desvar[í]o en la justicia.
> A nuestro juicio se hace innecesario información no requerida por la acusada y que no cumple con el propósito de la Regla 39 de Procedimiento Criminal de Puerto Rico. Nótese que la acusada no solicitó información adicional y/o pliego de especificaciones al amparo de las Reglas de Procedimiento Criminal.
> .    .    .    .    .    .    .
> Por lo que resolvemos que la forma en que está redactada y la utilización de la citación literal de declaraciones de la parte perjudicada, nos expone material irrelevante, innecesario y expuesto de manera perjudicial tanto para la acusada como para el Ministerio Público. Por lo tanto, concedemos un término de cinco (5) días improrrogables al Ministerio Público para someter la enmienda a la acusación.

Inconforme con esa decisión, el Ministerio Público acudió al Tribunal de Apelaciones mediante una petición de *certiorari* en la que arguyó que la actuación del foro primario fue *ultra vires*. Alegó que la información

adicional o las citas textuales de la declaración jurada de la alegada víctima del delito imputado que obran en el pliego acusatorio, no perjudican a la peticionaria. El Ministerio Público sostuvo, además, que la acusación en cuestión cumplió con los requisitos de informar a la peticionaria del delito por el que será procesada, así como que la misma consigna todos los elementos de ese delito.

El Tribunal de Apelaciones expidió el recurso de *certiorari* y emitió una sentencia en la que revocó la decisión del Tribunal de Primera Instancia. El foro apelativo intermedio concluyó que la acusación cumple con las exigencias y requisitos de nuestro ordenamiento al informar adecuadamente a la peticionaria del delito que se le imputa. De igual forma, el Tribunal de Apelaciones sostuvo que el Ministerio Público detalló con claridad todos los elementos del delito imputado, por consiguiente, la acusación es conforme a derecho.

Insatisfecha por tal proceder, la Sociedad para Asistencia Legal (S.A.L.) presentó oportunamente ante este Tribunal una Petición de *certiorari* y una "Moción al amparo de la Regla 50 del Reglamento del Tribunal Supremo", en representación de la peticionaria. Arguyó, en síntesis, que la citación expresa en el pliego acusatorio de una parte de la declaración jurada del perjudicado lacera los derechos constitucionales de la acusada, privándole del debido proceso de ley y de un juicio justo. Asimismo, señaló que tal actuación también evade la

prohibición de la Regla 140 de Procedimiento Criminal para que no se lleven declaraciones juradas al salón de deliberaciones del jurado. La S.A.L. argumentó, además, que las expresiones incluidas en la acusación son inflamatorias y tienen un efecto perjudicial para la peticionaria.

Así las cosas, expedimos el recurso de *certiorari*, por lo que la peticionaria, así como el Procurador General, presentaron sus respectivos alegatos. Con el beneficio de ambas comparecencias procedemos a resolver.

## II.

### A.    La acusación

Es altamente conocido que en nuestro ordenamiento procesal penal el derecho de un acusado a la debida notificación de los cargos presentados en su contra es de rango constitucional. Ello se desprende de la Enmienda Sexta de la Constitución federal[3] y de la Sec. 11 del Art. II de nuestra Constitución que dispone, en lo pertinente, que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, *a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la* misma…".[4] (Énfasis suplido.) Ese mandato constitucional, se desprende a su vez, del debido proceso de ley consagrado en la Enmienda Quinta de la

---

[3] Const. EE. UU., L.P.R.A., Tomo 1.

[4] Const. E.L.A., L.P.R.A., Tomo 1. Véase Pueblo v. Montero Luciano, 169 D.P.R. 360, 372 (2006).

Constitución federal,[5] así como en la Sec. 7 del Art. II de la nuestra,[6] y que exige que el acusado esté informado adecuadamente de la naturaleza y extensión del delito imputado. El mecanismo que tiene el Ministerio Público para cumplir con esa obligación de notificación es el uso de la acusación o denuncia (pliego acusatorio) y que a su vez, el Ministerio Público está obligado a entregar al acusado una copia.

En cuanto a la acusación -que es el mecanismo aplicable a los delitos graves- la Regla 34(a) de Procedimiento Criminal la define como la "alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito".[7] La Regla 35 de Procedimiento Criminal,[8] por su parte, dispone los elementos que toda acusación debe contener. A esos efectos, el inciso (c) de la regla antedicha dispone que la acusación deberá contener:

> (c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo

---

[5] Const. EE. UU., L.P.R.A., Tomo 1.

[6] Const. E.L.A., L.P.R.A., Tomo 1.

[7] 34 L.P.R.A. Ap. II.

[8] Íd.

significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.[9]

Conforme a la doctrina establecida, esos requisitos, de rango constitucional y estatutario, se cumplen con una acusación que incluya una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso para que cualquier persona de inteligencia común pueda entenderla.[10] Por consiguiente, para que el Ministerio Público pueda cumplir con lo anterior no se le exige ningún lenguaje estereotipado o técnico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto, solo se le exige que el contenido exponga todos los hechos constitutivos del delito.[11] De esa forma, "la función de la acusación o denuncia es crucial para el acusado pues, por virtud de ella, el acusado conoce los hechos que se le imputan, de suerte que pueda preparar su defensa conforme a ellos".[12]

En las situaciones en las que un acusado considere que hace falta más información en la acusación, puede solicitar un "pliego de especificaciones". El tipo de información adicional que se solicita tiene que relacionarse con hechos o detalles que, aunque no sean

---

[9] Íd.

[10] Pueblo v. Montero Luciano, *supra*, pág. 373; Pueblo v. Flores Betancourt, 124 D.P.R. 867 (1989).

[11] Pueblo v. Montero Luciano, *supra*; Pueblo v. Calviño Cereijo, 110 D.P.R. 691, 693-694 (1981).

[12] Pueblo v. Montero Luciano, *supra*.

hechos esenciales constitutivos del delito, ayudan a clarificar la denuncia o acusación.[13] No obstante, el pliego de especificaciones no es un derecho absoluto sino una facultad puramente discrecional del tribunal.[14] El mismo procede, "cuando la justicia así lo requiera; esto es, cuando la información que se solicita, en la opinión del tribunal, sea necesaria para que el acusado pueda defenderse adecuadamente en el proceso judicial a que el Estado lo somete".[15]

Por otro lado, cuando la acusación, la denuncia o un escrito de especificaciones adolece de algún defecto de forma o sustancial, la Regla 38 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone con gran liberalidad que el tribunal podrá permitir las enmiendas que sean necesarias para subsanarlo. La Regla 36 de Procedimiento Criminal, *íd*., establece que el defecto de forma será aquel que no perjudica los derechos sustanciales del acusado. Ante esas circunstancias, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanar dicho defecto de forma.[16] Una vez rendido el veredicto del jurado o el fallo del tribunal, en ausencia de enmienda, el defecto, imperfección u omisión se entenderá subsanado.[17]

---

[13] Pueblo v. Canino Ortiz, 134 D.P.R. 796, 812 (1993).

[14] Íd.

[15] Íd., pág. 813.

[16] 34 L.P.R.A. Ap. II R. 38 (a).

[17] Íd.

En cambio, el defecto sustancial "es el que perjudica los derechos sustanciales del acusado, bien porque le impide preparar adecuadamente su defensa o porque, sencillamente, tiene el efecto de insuficiencia de la acusación o denuncia".[18] Cuando la acusación o denuncia adolece de un defecto sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo.[19] En los casos que traten de una acusación el acusado tendrá derecho a que se celebre un nuevo acto de lectura de acusación.[20]

**III.**

En el caso de autos, el delito que se imputa en la acusación es el de maltrato mediante amenaza del Art. 3.3 de la Ley Núm. 54, *supra*. Ese delito es definido como,

> [t]oda persona que amenazare a su cónyuge, ex cónyuge, a la persona con quien cohabita o con quien haya cohabitado o con quien se sostiene o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, con causarle daño determinado a su persona, a los bienes apreciados por ésta, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro, incurrirá en delito grave de cuarto grado en su mitad superior.

> La acusación, por su parte, dispuso lo siguiente:

---

[18] E.L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, 1995, Vol. III, pág. 120.

[19] 34 L.P.R.A. Ap. II R. 38 (b).

[20] Íd.

La referida acusada, MAR[Í]A B. V[É]LEZ RODR[Í]GUEZ, allá en o para el 3 de MARZO de 2011, en Adjuntas, PUERTO RICO, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Utuado, ilegal, voluntaria, maliciosa y criminalmente, amenazó con causarle daño determinado, a C[Á]NDIDO BERIO RODR[Í]GUEZ, quien es su compañero consensual, consistente los hechos en que le manifestó: "QUE ME IBA A MATAR DONDE ME VIERA Y TE VOY A PERSEGUIR HASTA DARTE DOS PUÑALADAS. LUEGO ALLÍ MISMO ME DIJO, SÁTIRO, CABRÓN, ME CAGO EN TU MADRE, NO TE VAYAS A QUEDAR DONDE TU DUERMES, PORQUE TE VOY A PUÑALEAR LA ESPALDA". Sintiendo el perjudicado temor por su vida.

Al examinar la acusación, a la luz de los requisitos establecidos en la doctrina, podemos notar que esta es suficiente y refleja todos los elementos esenciales del delito imputado. En lo particular, la acusación expresa claramente una conducta delictiva constitutiva de amenazar a una pareja consensual con causarle daño determinado a su persona. Sin embargo, la peticionaria alega que las expresiones utilizadas en la acusación son innecesarias e inflamatorias y, por ende, deben ser eliminadas. No le asiste la razón.

El argumento principal de la peticionaria se sustenta en la Regla 7(d) de Procedimiento Criminal federal que dispone lo siguiente:

Upon the defendant's motion, the court may strike surplusage from the indictment or information.

En términos generales, en la jurisdicción federal se ha considerado como "surplusage" cualquier hecho o circunstancia que no es un elemento necesario del delito

imputado en el pliego acusatorio[21] o aquellas alegaciones que, aun si fueran eliminadas del pliego acusatorio, no afectarían su suficiencia.[22] El propósito de la regla citada es proteger al acusado de alegaciones de hechos inmateriales o irrelevantes.[23] Ejemplo de ello son las situaciones en las que en el pliego acusatorio se hace referencia innecesaria al color de piel u origen del acusado o la víctima con el propósito de estimular el interés del jurado.[24]

Como parte del desarrollo de la doctrina, hay tribunales que han utilizado lo que se conoce como el "conjunctive test", el cual sostiene que para que una información se considere "surplusage" no solo tiene que ser innecesaria (o inmaterial), sino que también tiene que ser perjudicial para el acusado.[25] Es decir, no se entenderá como "surplusage" aquella información que, aunque sea irrelevante, no perjudique al acusado y viceversa.[26]

No obstante, la doctrina federal actual es sumamente liberal en cuanto a permitir en el pliego acusatorio información más allá de la mínima necesaria. Incluso, hay

---

[21] U.S. v. Garrison, 168 F. Supp. 622, 624 (E.D. Wis. 1958); State v. Finnegan, 244 Iowa 166 (1952).

[22] Mathews v. U.S., 15 F.2d 139 (C.C.A. 8th Cir. 1926).

[23] C.A. Wright & A.D. Leipold, Federal Practice and Procedure, 4ta ed., Ed. Thomson-West, 2008, pág. 641.

[24] Íd.

[25] Íd., págs. 643-646.

[26] U.S. v. Hedgepeth, 434 F.3d 609 C.A.3 (pa.) 2006, cert. denied 126 S.Ct. 2055, 547 U.S. 1144, 164 L.Ed.2d 807.

tribunales que han permitido mantener en la acusación aquella información que aunque no es esencial a los cargos imputados, sí es relevante o pertinente a la evidencia que el Ministerio Público presentará en el juicio.[27] De igual forma, hay decisiones judiciales que han denegado eliminar información relacionada con el origen o color de piel aunque sea perjudicial, ello si dicha información es relevante con el delito imputado.[28]

Ahora bien, contrario a lo dispuesto en la Regla 7(d) de Procedimiento Criminal federal, en nuestras Reglas de Procedimiento Criminal no existe disposición análoga. Por tanto, no hay un mandato expreso, como lo es a nivel de la jurisdicción federal, que permita eliminar información superflua ("surplusage") del pliego acusatorio. Además, el caso de autos no es el idóneo para considerar la adopción de una postura análoga a la federal. Nos explicamos.

El delito que se imputa en la acusación es el de amenaza, por lo que consideramos que no es incorrecto que el Ministerio Público brinde detalles en la descripción de la conducta imputada. Las palabras soeces y aquellas que constituyen la amenaza no son irrelevantes o inflamatorias para ese delito. Así, pues, no estamos ante una situación en la cual las palabras pudieran catalogarse de superfluas o deban ser eliminadas. Es axiomático que una acusación

---

[27] U.S. v. Yeaman, 987 F.Supp. 373 (E.D. Pa. 1997); U.S. v. Caruso, 948 F. Supp. 382, 392 (D.N.J. 1996).

[28] Wright, op. cit., pág. 641.

que imputa este tipo de delito pueda contener los detalles germanos a la conducta imputada. Por consiguiente, el Ministerio Público podía utilizar ese tipo de información en la acusación, la cual, como ya mencionamos, cumple con la norma general sobre suficiencia y es cónsono con la liberalidad de esa normativa. Recordemos que lo importante es que se cumpla con las garantías mínimas requeridas por la doctrina. Es decir, establecer todos los elementos esenciales del delito imputado en lenguaje sencillo, claro y conciso para que cualquier persona de inteligencia común pueda entenderla.[29]

El Ministerio Público tiene discreción para decidir la conveniencia de brindar información adicional a la mínima requerida. Ante eso, el Procurador General expresó en su alegato que "[l]a mayor especificidad en lo alegado lo que hace es limitar al Ministerio Fiscal en relación con la pertinencia de la prueba de cargo, pues ésta debe ir dirigida a lo alegado en la acusación".[30] Y por tanto, "[s]i la acusación solo alegara que la acusada amenazó al perjudicado con causarle daño a su persona o a sus bienes, el Ministerio Fiscal podría presentar cualquier evidencia".[31]

De esa forma, como el Ministerio Público no está obligado a abundar en la acusación más allá de lo mínimo

---

[29] Pueblo v. Montero Luciano, *supra*, pág. 373; Pueblo v. Flores Betancourt, *supra*.

[30] Alegato del Procurador General, pág. 10.

[31] Íd.

requerido,[32] tampoco se le prohíbe hacerlo. En consecuencia, contrario a lo resuelto por el Tribunal de Primera Instancia, y como muy bien resolvió el Tribunal de Apelaciones, el contenido de la información en la acusación no es material irrelevante ni innecesario.

## IV.

El Tribunal de Apelaciones solo limitó su análisis a un examen de suficiencia de la información contenida en el pliego acusatorio, sosteniendo así que la acusación cumplió a cabalidad con la normativa vigente. Por ende, revocó la determinación del foro primario de que se enmendara la acusación. Sin embargo, nuestro análisis en este caso no debe limitarse meramente a la adjudicación sobre suficiencia. Ello, porque la controversia principal del caso de autos no está centrada en la suficiencia de la acusación (contenido), sino en la forma en que se brindó la información en esta y los efectos perjudiciales que puede acarrear a todas las partes. Precisamente, la controversia gira en torno al uso de una cita directa de la declaración jurada del perjudicado para describir la conducta delictiva que se imputó a la señora Vélez Rodríguez en la acusación presentada en su contra. Es decir, la pregunta que nos resta por hacer es la siguiente, ¿cuáles son los efectos, si alguno, del uso de citas directas de declaraciones juradas en una acusación? Los efectos son varios, veamos.

---

[32] Ello es distinto, claro está, cuando aplica lo relacionado con los pliegos de especificaciones.

**A.**

En primer lugar, la peticionaria nos señala que la transcripción parcial de una declaración jurada en la acusación constituye una forma del Ministerio Público para evadir el cumplimiento con la Regla 140 de Procedimiento Criminal. Asimismo, arguye que esa actuación viola su derecho a un juicio justo, así como al debido proceso de ley.

La Regla 140 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que "[a]l retirarse a deliberar, el jurado deberá llevarse consigo todo objeto o escrito admitido en evidencia, excepto las deposiciones". Al interpretar el término "deposiciones" este Tribunal lo amplió para incluir tanto la confesión o admisión escrita de un acusado, así como las declaraciones juradas de los testigos.[33] Precisamente, en _Pueblo v. Ramos Cruz_, 84 D.P.R. 563, 571 (1962), sostuvimos que la prohibición de que el jurado lleve consigo las declaraciones escritas –en este caso la confesión escrita del acusado- se sustenta en "que es injusto para el acusado, que el jurado tenga ante sí un documento escrito que puede leer y releer cuantas veces le plazca…, mientras que de la prueba desfilada en el juicio en su defensa, el jurado sólo tiene el recuerdo de lo que declararon los testigos". Lo anterior se sustenta en el hecho de que "normalmente tiene más fuerza

---

[33] Véanse: _Pueblo v. Ramos Cruz_, 84 D.P.R. 563 (1962); _Pueblo v. Couret Martínez_, 89 D.P.R. 57 (1963); _Pueblo v. Martínez Díaz_, 90 D.P.R. 467 (1964); _Pueblo v. García García_, 98 D.P.R. 822 (1970) (Transcripciones).

el documento escrito que se tiene ante la vista, que el recuerdo de un testimonio oral".[34] Esta norma fue aplicada de igual forma a la declaración jurada de un testigo en el caso de Pueblo v. Martínez Díaz, 90 D.P.R. 467 (1964).

Es evidente que la norma prevaleciente prohíbe que este tipo de documentos sean entregados al jurado para la deliberación. No obstante, la doctrina ha reconocido que aun cuando esos documentos sean entregados al jurado, ello no anula automáticamente el veredicto y habrá que determinar si fue un error perjudicial para el acusado.[35]

Ahora bien, entre los documentos que el jurado se lleva al proceso de deliberación, está el pliego acusatorio. Por consiguiente, al examinar los hechos del caso ante nuestra consideración, resulta claro que la práctica del Ministerio Público de citar expresamente porciones de la declaración jurada del perjudicado contraviene la doctrina antes expuesta, en la situación de que la peticionaria decida hacer uso de su derecho a juicio por jurado. Asimismo, una práctica como la aquí utilizada por el Ministerio Público tiene el efecto de evadir subrepticiamente la prohibición de que las declaraciones juradas –escritas- sean consideradas por el jurado en el proceso de deliberación, al introducirlas a través del pliego acusatorio. Ello, no solo violaría la Regla 140 de Procedimiento Criminal, sino que además,

---

[34] Pueblo v. Ramos Cruz, supra, pág. 571.

[35] Íd.; Pueblo v. Couret Martínez, supra; Pueblo v. Martínez Díaz, supra; Pueblo v. García García, supra.

laceraría los derechos de la peticionaria y pudiera ocasionar en su día la anulación de un veredicto, en casos en los que se considere como un error perjudicial. Así, pues, le asiste la razón a la peticionaria.

En segundo lugar, avalar la práctica del Ministerio Público de citar textualmente porciones de una declaración jurada permitiría que en el juicio la alegada víctima o un testigo -de quiénes se hayan obtenido la declaración jurada o el testimonio que se cita en la acusación- declare de forma diferente o con menos detalles que lo contenido en el pliego acusatorio. Ante esas circunstancias, el uso de las citas directas en la acusación abre las puertas a la posibilidad de que el jurado utilice esas citas para corroborar o, más aún, complementar o ampliar algún testimonio. Dicha práctica, incluso sería igual o adversamente mayor en los escenarios en los que un testigo o la alegada víctima ni siquiera se sienten a declarar. En esos casos, la deliberación del jurado puede mancillarse con información de carácter testimonial que no fue considerada en el juicio, lacerando así los derechos constitucionales del acusado. Ello, en primer lugar, porque "el acusado tiene un derecho constitucional -debido proceso de ley y juicio por jurado imparcial- a que el jurado delibere con base en la prueba y no con base en información que no fue considerada en el juicio".[36] En segundo lugar, porque el jurado estaría

---

[36] E.L. Chiesa, op. cit., Vol. II, pág. 343.

considerando citas de un testimonio sustantivo que constituye prueba de referencia y que el acusado pudiera no haber tenido la oportunidad de contrainterrogar.

No ignoramos el argumento de que la acusación no constituye prueba. Por lo tanto, puede plantearse que las instrucciones al jurado -que son una de las medidas cautelares para preservar el proceso como uno justo e imparcial- subsanan los posibles efectos perjudiciales antedichos. Ello, porque el Ministerio Público tendrá que probar más allá de duda razonable las alegaciones específicas que se imputan en la acusación. Sin embargo, consideramos que en este tipo de casos la instrucción al jurado de que la acusación no constituye prueba, no es suficiente para evitar un perjuicio indebido a la peticionaria. En este caso la enmienda a la acusación sería una medida cautelar superior a la instrucción.

Debemos notar que no estamos ante una acusación típica en la que el Ministerio Público relata los detalles de la conducta imputada de delito en tercera persona gramatical. En ese escenario, más allá de los detalles que puedan brindarse, quien lee la acusación puede comprender razonablemente que quien está "hablando" o "describiendo la conducta" en la acusación es un ente externo, o sea, el Ministerio Público. Las acusaciones típicas que se presentan a diario en nuestros tribunales se redactan en tercera persona gramatical y reflejan claramente las alegaciones del Ministerio Público.

Por el contrario, **cuando la acusación se redacta con porciones en primera persona gramatical, como la aquí en cuestión, cualquier lector razonable puede notar que el que está "declarando" es un sujeto activo o pasivo del suceso que originó el procedimiento penal. Es decir, un sujeto separado y diferente del Ministerio Público. Claramente, el lector puede percatarse que lo expresado no son alegaciones del Ministerio Público, sino de alguien más.** Ese tipo de redacción por parte del Estado es una práctica innecesaria y altamente sospechosa porque abre las puertas a la confusión y al uso indebido de prueba testimonial por parte del jurado (juzgador). Hoy son dos oraciones; mañana, tal vez, será media página de expresiones en primera persona gramatical, que fueron parte de una declaración jurada, y que estarían disponibles en medio de un cuarto de deliberación. El que no haya límites en la cantidad de información permitida en una acusación no significa que estemos obligados a avalar la práctica de citar literalmente porciones de declaraciones juradas o declaraciones de carácter testimonial.

### B.

Por otro lado, no debemos pasar por alto que la práctica de citar expresamente las declaraciones juradas o testimonios de algún testigo o víctima podría perjudicar, a su vez, al Ministerio Público. Por esa razón, la Jueza del Tribunal de Primera Instancia, Hon. Sandra Y. Gil de Lamadrid, reconoció sabiamente en su Resolución que "el

estilo en adoptar expresiones en primera persona de testigos potenciales puede provocar confusión al juzgador de los hechos". Ello, porque esa práctica crea la posibilidad de que no se prueben los hechos *concretos* alegados en la acusación, lo que colocaría al Ministerio Público en una situación de vulnerabilidad, e igualmente puede confundir al juzgador y acarrear un desvarío en la justicia. Dicha práctica le impone la carga al Ministerio Público de que su testigo declare lo que inicialmente se citó, para no tener que enmendar la acusación. Incluso, en casos de testimonios altamente disímiles, la credibilidad del testigo podría lacerarse injusta e incorrectamente.

El Procurador General, por su parte, señaló que el uso de comillas en las expresiones de la peticionaria no implica un vicio en la acusación, ya que estas no aluden expresamente a una declaración jurada. Sin embargo, acepta que esas comillas "indican que esas fueron palabras textuales de la acusada". Es decir, no hay duda de que la cita es parte del testimonio del perjudicado. El Procurador General añade que esa cita es una alegación y no es evidencia, por lo que estará obligado a presentar en el juicio la prueba correspondiente. Está en lo correcto, no obstante, ignora que el asunto problemático no está en el contenido o lo alegado, sino en la forma en cómo se brinda.

Asimismo, al examinar el efecto adverso, si alguno, que sufriría el Ministerio Público con la prohibición del uso de citas directas en la acusación, la respuesta es:

prácticamente ninguno. El Ministerio Público solo tendría que enmendar la acusación y redactar la acusación en tercera persona gramatical.

### C.

Vale señalar que contrario a lo solicitado por la peticionaria, aquí no estamos ante un asunto que amerite la desestimación de la acusación. En la etapa de los procedimientos en el que se encuentra el caso de autos, el mecanismo de citar literalmente las declaraciones del alegado perjudicado en la acusación constituye solo un defecto de forma.[37] Así, el tribunal puede permitir las enmiendas que sean necesarias para subsanarlo y con ello se evitaría cualquier efecto perjudicial y sustancial a los derechos de la peticionaria. En el caso de autos, lo que corresponde es una mera enmienda a la acusación para volver a redactar dos oraciones. Evidentemente, lo anterior no acarrea una carga onerosa ni un problema sustancial para el Ministerio Público.

### D.

Por último, es necesario que atendamos el señalamiento de la opinión disidente dirigido a resaltar que en Pueblo v. Ayala García, Op. de 13 de julio de 2012, 2012 T.S.P.R. 120, 186 D.P.R. ___ (2012), la acusación allí utilizada manifestaba el uso de unas declaraciones entre

---

[37] Es importante señalar que incluso en la jurisdicción federal en los casos en los que se ha determinado que existe "surplusage" en la acusación, lo que corresponde es una enmienda a la acusación y no su desestimación. Es doctrina firmemente establecida que ese tipo de error no conlleva la desestimación de la acusación. Véase, Wright, op. cit., pág. 641.

comillas análogas a las de este caso. Con ello intenta crear una aparente inconsistencia de este Tribunal al expresar que "a ningún miembro de este Foro le causó sospecha la redacción de esa acusación".[38] No obstante, la Opinión disidente pasa por alto que la controversia que hoy resolvemos (el uso de una cita literal de carácter testimonial en la acusación) no fue parte de la controversia en Ayala García.

En Ayala García, la controversia se centró en resolver "si el delito de maltrato contenido en la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley 54 de 1989, es uno menor incluido en el de maltrato mediante amenaza que tipifica esa ley".[39] Asimismo, examinamos si se justificaba "dejar en libertad a una persona acusada por maltratar a su pareja debido a que se le sentenció por un delito distinto al imputado, aunque se probó que había cometido aquel por el cual se le acusó".[40] Es decir, **es evidente** que la controversia del caso de autos **no estuvo ante la consideración de este Tribunal en Pueblo v. Ayala García**, íd.

Otro aspecto que merece nuestra atención es el argumento de que nuestra decisión en el caso de autos "revoca" el caso de Pueblo v. Calviño Cereijo, 110 D.P.R.

---

[38] Opinión disidente, pág. 15.

[39] Pueblo v. Ayala García, Op. de 13 de julio de 2012, 2012 T.S.P.R. 120, 186 D.P.R. ___ (2012).

[40] Íd.

691 (1981).[41] Nada puede estar más lejos de la verdad. En Calviño Cereijo, íd, se cuestionó el contenido de dos acusaciones por tentativa de asesinato (se alegaba que no imputaban delito) porque estas no señalaban expresamente que el asesinato no se consumó por razones ajenas a la voluntad de los acusados. Los acusados pretendían que ambas acusaciones utilizaran literalmente la expresión del Art. 26 del Código Penal de 1974 de que, "[e]xiste tentativa cuando la persona realiza acciones o incurre en omisiones inequívocamente dirigidas a la ejecución de un delito, **el cual no se consuma por circunstancias ajenas a su voluntad**". (Énfasis nuestro).

En esa ocasión, resolvimos que el Ministerio Público no tenía que "emplear estrictamente las palabras usadas en la ley", por lo que podía "emplear otras que tengan el mismo significado".[42] A esos efectos es que reconocimos que el Ministerio Público no tiene por qué seguir un lenguaje estereotipado, técnico o talismánico.[43] Por consiguiente, salta a la vista que, contrario a lo expresado por la disidencia, lo resuelto en el caso de autos no trastoca la norma establecida en Calviño Cereijo.

## V.

En el caso de autos realizamos un balance de intereses entre: el pobre valor procesal del mecanismo del Ministerio Público de utilizar citas directas de

---

[41] Opinión disidente, pág. 14.

[42] Pueblo v. Calviño Cereijo, 110 D.P.R. 691, 693-694 (1981).

[43] Íd., pág. 694.

testimonios en la acusación y el impacto casi inexistente en sus funciones, versus el riesgo de causar un perjuicio indebido a la peticionaria, confusión o desorientación del jurado, así como el riesgo de presentación innecesaria de prueba. Al así hacerlo, es forzoso concluir que la balanza se inclina a favor de la protección de los derechos de la peticionaria a un debido proceso de ley y a un juicio justo. Lo correcto es que el Ministerio Público enmiende la acusación y reformule el lenguaje, de manera tal que no haga referencia a citas literales de carácter testimonial del alegado perjudicado.

Así, en armonía con lo antes resuelto, revocamos la sentencia del Tribunal de Apelaciones y, reinstalamos la orden del Tribunal de Primera Instancia que le concede al Ministerio Público un término de 5 días improrrogables para someter la enmienda a la acusación, y así, elimine la citación literal de las declaraciones de la parte perjudicada.

Se dictará sentencia de conformidad.


                                    Erick V. Kolthoff Caraballo
                                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                  CC-2011-1032     Certiorari

María B. Vélez Rodríguez

    Peticionaria


SENTENCIA

San Juan, Puerto Rico, a 14 de septiembre de 2012.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia del Tribunal de Apelaciones y, se reinstala la orden del Tribunal de Primera Instancia que le concede al Ministerio Público un término de 5 días improrrogables para someter la enmienda a la acusación, y así, elimine la citación literal de las declaraciones de la parte perjudicada.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió Opinión Disidente a la cual se une la Jueza Asociada señora Pabón Charneco.


                    Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.

                                CC-2011-1032

María B. Vélez Rodríguez

    Peticionaria

Opinión disidente emitida por el Juez Asociado señor MARTÍNEZ TORRES a la cual se une la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 14 de septiembre de 2012.

No puedo suscribir la Opinión rígida que emite el Tribunal en el día de hoy. Por un lado, la Opinión resuelve con honestidad intelectual que el **_contenido_** de la relación de hechos **_alegados_** en la acusación en controversia es relevante, necesario y no inflamatorio. Opinión del Tribunal, págs. 9-13. Sin embargo, a renglón seguido, la Opinión del Tribunal, pág. 17, concluye que una acusación no se debe redactar en primera persona gramatical porque "la deliberación del jurado puede mancillarse con información de carácter testimonial que no fue considerada en el juicio, lacerando así los

derechos constitucionales del acusado". Es innecesario enmendar una acusación por el delito de maltrato mediante amenaza, Art. 3.3 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. sec. 632, porque se redactó en "primera persona gramatical" y no en "tercera persona gramatical" como ordena la Opinión del Tribunal, **por primera vez en nuestra historia.** Op. del Tribunal, pág. 20. Al contrario, opino que el Ministerio Público brindó una relación de hechos completa en la acusación e imputó todos los elementos del delito. Fundamentándome en lo que señalo a continuación, disiento firmemente, pero con mucho respeto, de la Opinión del Tribunal.

Los hechos de este caso se encuentran bien resumidos en la Opinión del Tribunal y no hace falta repetirlos en este disenso. Lo único que intereso recalcar es el texto de la acusación en controversia, que es el siguiente:

> La referida acusada, MARIA B. VELEZ RODRIGUEZ, allá en o para el día 3 de MARZO de 2011, en Adjuntas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Utuado, ilegal, voluntaria, maliciosa y criminalmente, amenazó con causarle daño determinado, a CANDIDO BERIO RODRIGUEZ, quien es su compañero consensual, consistente los hechos en que le manifestó **"QUE ME IBA A MATAR DONDE ME VIERA Y TE VOY A PERSEGUIR HASTA DARTE DOS PUÑALADAS. LUEGO ALLÍ MISMO ME DIJO, SÁTIRO, CABRÓN, ME CAGO EN TU MADRE, NO TE VAYAS A QUEDAR DONDE TU DUERMES, PORQUE TE VOY A APUÑALEAR LA ESPALDA"**. Sintiendo el perjudicado temor por su vida. (Énfasis nuestro.) Apéndice, pág. 73.

I

A. Como señala el Prof. Chiesa Aponte, el "término acusación adolece, en nuestro derecho procesal penal, de ambigüedad; el término se utiliza en dos sentidos distintos, esto para mentar dos conceptos". E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Editorial Forum, 1993, Vol. III, sec. 24.1, pág. 139. Por un lado, se utiliza el término para referirse "al documento que contiene las imputaciones de delito y que constituye el conjunto de alegaciones del Ministerio Fiscal, base para las alegaciones del acusado y la celebración de procedimientos posteriores, incluyendo el juicio". Íd. (Énfasis nuestro.)

En ese sentido amplio, "la acusación es el 'pliego acusatorio' que contiene las imputaciones del Pueblo contra el acusado, independientemente de la naturaleza del delito imputado (grave o menos grave) y de la sección del Tribunal de Primera Instancia ante el cual se halle pendiente el caso". Íd. En un sentido técnico, cabe distinguir la acusación de la denuncia. En la primera, se imputa generalmente un delito grave, mientras que en la segunda se imputa siempre un delito menos grave. Véase, Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En la discusión que procede, se utiliza el término "acusación" en su acepción amplia.

A través de los siglos, la naturaleza de lo que constituye una acusación ha evolucionado. N. Hollander y otros, Wharton´s Criminal Procedure, 14 ed., Thomson Reuters, 2002, Vol. 1, sec. 5:1. Originalmente, una acusación era suficiente si en ella meramente se alegaba algo tan sencillo como que "alguien se robó un caballo". Íd. Sin embargo, debido a que en el sistema inglés el derecho consuetudinario era el que definía los delitos y le imponía penas severas, varias cortes comenzaron a imponer reglas técnicas para proteger a los acusados de ambigüedad o falta de precisión en la definición de delitos. Véase, en general, F. Warthon, Criminal Pleading and Procedure, 9 ed., Philadelphia, Kay and Brother, 1889. Ese diseño procesal rígido requería una declaración completa de los hechos alegados y las teorías legales subyacentes. Lo anterior tenía como fin proteger a los acusados de la multiplicación arbitraria de ofensas, de la extensión de la ley penal mediante legislación judicial y de la arbitrariedad de la Corona en el ejercicio del poder. United States v. Wydermyer, 51 F. 3d 319, 324 (2do Cir. 1995); W.S. Holdsworth, A History of English Law, 3ra Ed., 1923, pág. 623.

En ese entonces, errores técnicos en las acusaciones podían resultar en desestimaciones de casos o en la revocación de convicciones. N. Hollander y otros, op cit., sec. 5:1. No obstante, en la era de los códigos penales y de las reglas sobre la suficiencia y peso de la prueba

esas justificaciones de rigidez técnica en la revisión de acusaciones ha desaparecido. United States v. Wydermyer, supra, pág. 324.

En la época moderna, la revisión sobre la suficiencia de una acusación se enfoca en los siguientes aspectos: (1) el derecho del acusado a ser informado de la naturaleza de los cargos en su contra, según contemplado en la Sexta Enmienda de la Constitución Federal y el Art. II, Sec. 11 de la Constitución de Puerto Rico, L.P.R.A. Tomo I; (2) el derecho constitucional en la jurisdicción federal en ciertos casos a ser procesado por una acusación que pase el cedazo de un gran jurado, Russell v. United States, 369 U.S. 749, 760-761 (1962) y; (3) el derecho constitucional a no ser procesado dos veces por el mismo delito, según vislumbrado en la Sexta Enmienda de la Constitución Federal y el Art. II, Sec. 11 de la Constitución de Puerto Rico, L.P.R.A. Tomo I.

Aunque ya no existen las reglas de rigidez que gobernaban siglos atrás, en ocasiones no presentar con suficiente especificidad los hechos que se imputan en una acusación puede causar la revocación de una convicción. Lo expuesto anteriormente se puede apreciar con claridad si se analiza lo resuelto en Russell v. United States, supra. Allí, el Tribunal Supremo de los Estados Unidos resolvió que una acusación basada en negarse a contestar las preguntas de una comisión del Congreso, 2 U.S.C. sec. 192,

era insuficiente si no se alegaba específicamente el tema de preguntas que se negó a contestar el acusado. Íd., págs. 763-764, 768. La decisión de ese Foro se sustentó en que uno de los elementos del delito que se imputó requería que la información fuera pertinente. Íd. En ese caso no bastó alegar en la acusación que el acusado se negó a contestar ante el Congreso "preguntas pertinentes". Era necesario abundar en la pertinencia del tema de las preguntas, lo que no ocurrió. Íd. Sobre la importancia de que una acusación contenga todos los elementos del delito imputado véanse, además, United States v. Cruikshank, 95 U.S. 542 (1875); State v. Shirley, 89 P. 3d. 649 (Kansas 2004).

Claro está, la especificidad de hechos en cada acusación dependerá del delito imputado. N. Hollander, op cit., sec. 5:11. En suma, podemos concluir que toda acusación tiene que incluir información suficiente para establecer el qué, quién, cómo y dónde del delito imputado. Íd.; W. LaFave, J. Israel y otros, Criminal Procedure, 3ra. Ed., Thomson West, 2007, Vol. 5, Sec. 19.3(b), págs. 276-285.

Sin embargo, en ocasiones el Ministerio Público puede redactar en la acusación hechos irrelevantes y perjudiciales al acusado. Cuando eso ocurre en la jurisdicción federal, la Regla 7 de Procedimiento Criminal federal permite al abogado de la defensa presentar una

moción para eliminar ese material irrelevante y perjudicial. En particular, la Regla 7(d) de Procedimiento Criminal federal dispone en lo que nos ocupa: "Upon the defendant´s motion, the court may strike surplusage from the indicment or information". La jurisprudencia de los tribunales federales en torno a la citada Regla 7, íd., expresa con claridad que solo las alegaciones **irrelevantes y perjudiciales** pueden ser eliminadas al amparo de la Regla 7, íd. United States v. Hedgepeth, 434 F. 3d 609 (3er Cir. 2006); United States v. Giampa, 904 F. Supp. 235 (D.N.J. 1995); United States v. Giovanelli, 747 F. Supp. 875 (S.D.N.Y. 1989); Drawnow v. United States, 307 F.2d 545 (8vo Cir. 1962). Véase, además, C.A. Wright y A.D. Leipold, Federal Practice and Procedure, 4ta ed., Thomson-West, 2008, sec. 128, pág. 641.

Incluso, como señala con sinceridad la Opinión mayoritaria, pág. 11, hay tribunales que han permitido en la acusación información que aunque no es esencial a los cargos imputados **sí es relevante a la evidencia que el Ministerio Público presentará en el juicio**. United States v. Yeaman, 987 F. Supp. 373 (E.D. PA. 1997); United States v. Caruso, 948 F. Supp. 382 (D.N.J. 1996).

B. Por su parte, en nuestro ordenamiento jurídico la Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que la primera **alegación** de parte del Pueblo será la acusación. La Regla 35 de Procedimiento Criminal, 34

L.P.R.A. Ap. II, regula el contenido de la acusación. En lo concerniente, ese precepto indica:

La acusación y la denuncia deberán contener:

........

(c) **Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común.** Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. **Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.**

Íd. (Énfasis nuestro.)

Dicho de otro modo, el inciso (c) de la Regla 35 de Procedimiento Criminal, íd., requiere que toda acusación: (1) **incluya todos los elementos del delito imputado**; (2) en un lenguaje al alcance de la comprensión del ciudadano promedio. Chiesa Aponte, op. cit., pág. 144. Esencialmente, la Regla 35 de Procedimiento Criminal, íd., responde al derecho constitucional de todo acusado "a ser notificado de la naturaleza y causa de la acusación", según lo establece el Art. II, Sec. 11 de la Constitución de Puerto Rico. Véase, Pueblo v. Montero Luciano, 169 D.P.R. 360, 372 (2006). Por eso, si una acusación no

imputa delito, la Regla 64(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite que se desestime.

Sobre el particular, mencionamos en Pueblo v. Calviño Cereijo, 110 D.P.R. 691, 693-694 (1981), que "[l]as acusaciones y las denuncias deben informar a los acusados de qué se les acusa, **pero no es para ello necesario seguir ningún lenguaje estereotipado o talismánico**". (Énfasis nuestro.) Por su parte, el Prof. Chiesa Aponte ha mencionado que "la suficiencia de una acusación se evalúa en forma liberal en cuanto al lenguaje utilizado en la imputación del delito, aunque en forma rigurosa en cuanto a la necesidad de imputar todos los elementos del mismo". Chiesa Aponte, op. cit., pág. 149. Ahora, la Opinión del Tribunal invierte ese análisis en su ponencia. Interpreta de forma laxa la necesidad de imputar todos los elementos del delito, pero de forma rigurosa el lenguaje utilizado en la acusación.

Debido a la importancia de que se señalen todos los elementos del delito en una acusación, en Pueblo v. González Olivencia, 116 D.P.R. 614 (1985), nos vimos obligados a reducir una sentencia de quince a seis años de prisión. Lo hicimos porque en la acusación no se alegó un elemento del delito que hubiere agravado la pena. Íd., pág. 617. Véase, además, Pueblo v. Narváez Narváez, 122 D.P.R. 80 (1988).

En la acusación que nos ocupa se imputa el delito de maltrato mediante amenaza, según tipificado en el Art. 3.3

de la Ley Núm. 54, supra. Ese precepto dispone lo siguiente:

### § 633 Maltrato mediante amenaza

Toda persona que amenazare a su cónyuge, ex cónyuge, a la persona con quien cohabita o con quien haya cohabitado o con quien sostiene o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, **con causarle daño determinado a su persona, a los bienes apreciados por ésta**, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro, incurrirá en delito grave de cuarto grado en su mitad superior.

El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.   (Énfasis nuestro.)

Como se aprecia, el sujeto activo de ese delito es la persona que amenaza a su cónyuge, excónyuge, persona con quien cohabite o con quien haya cohabitado, persona con quien sostenga o haya sostenido una relación consensual o la persona con quien haya procreado un hijo o hija. La conducta que prohíbe el Art. 3.3, íd., es amenazar a una persona **con causarle un daño determinado a su persona o los bienes apreciados por esta**.

En general, el delito de amenaza "es la expresión intencional de que se llevará a cabo determinada intención delictiva o daño contra otra persona". D. Nevares Muñiz, Código Penal de Puerto Rico, 5 ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2012, pág. 252. De

esa forma, para que se configure ese delito es necesario que "la amenaza llegue al conocimiento del amenazado y sienta la aprehensión o el temor propio de la amenaza". D. Nevares Muñiz, Derecho Penal Puertorriqueño, 6 ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2010, pág. 305.

## II

Con mucho respeto, me parece que la Opinión del Tribunal incurre en un gran error conceptual que lo lleva a concluir de forma errada en este caso: le atribuye valor evidenciario a una acusación. En particular, la Opinión del Tribunal, pág. 17, indica que "la deliberación del jurado puede mancillarse con información **de carácter testimonial** que no fue considerada en el juicio, lacerando así los derechos constitucionales del acusado".

Sin embargo, un análisis histórico de lo que constituye una acusación, además de un análisis integrado de las Reglas de Procedimiento Criminal, supra, obligan a concluir **que la acusación no es otra cosa que una alegación que hace el Ministerio Público en la que informa a una persona de qué se le acusa**. De hecho, la Opinión del Tribunal, pág. 17, concluye con candidez que "la acusación no constituye prueba". Evidentemente, todos los hechos que el Ministerio Público consigna en una acusación necesitan ser probados más allá de duda razonable en el proceso penal. Pueblo v. García Colón I, 182 D.P.R. 129, 174-176 (2011); Pueblo v. Lugo, Rivero y Almodóvar, 121 D.P.R.

454, 472 (1988); Pueblo v. Cabán Torres, 117 D.P.R. 645, 652 (1986). Sin embargo, no podemos aplicarle a una acusación las Reglas de Evidencia. Si eso hiciéramos, procedería entonces desestimar **todas** las acusaciones porque en ellas se vierte prueba de referencia inadmisible. Regla 804 de Evidencia, 32 L.P.R.A. Ap. VI. Es decir, el Ministerio Público hace una relación de hechos de los cuales no tiene conocimiento personal. Incluso, la Regla 47 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite al Ministerio Público que haga una alegación con relación a cualquier documento, sin que sea necesario incluirse una copia de todo o de parte del mismo.

En virtud de lo anterior, en nuestro esquema procesal penal se le imparten unas instrucciones al jurado. En ellas, se le explica que, como muy bien indica la Opinión del Tribunal, *la acusación no constituye prueba, sino que es una alegación que hace el Ministerio Público*. En particular, el Proyecto de Libro de Instrucciones al Jurado de 2008, pág. 2, confeccionado por el Secretariado de la Conferencia Judicial,[44] indica que los miembros del jurado:

> No pueden tener prejuicio alguno contra el acusado [la acusada] por el hecho de que haya sido arrestado [arrestada] o detenido [detenida], porque esta acusación haya sido

---

[44] El documento se puede acceder en el siguiente enlace: http://www.ramajudicial.pr/sistema/supremo/conferencia/manual-instrucciones-jurado-septiembre-2008.pdf. (Última visita el 29 de agosto de 2012).

presentada en su contra, o porque sea sometido [sometida] a juicio. Ninguna de estas circunstancias es evidencia de su culpabilidad. Ustedes no pueden inferir o especular que por razón de dichas circunstancias o por alguna de ellas es más probable que el acusado [la acusada] sea culpable o no culpable.

Más adelante, el Proyecto abunda al respecto:

Al comenzar el juicio, se le dará lectura formal a la acusación. Recordamos a las damas y caballeros del Jurado que la acusación no es evidencia y por sí sola no demuestra que el acusado [la acusada] cometió el delito que se le imputa. Es con la prueba que presentará el Ministerio Fiscal, y que sea admitida durante el juicio, que ustedes determinarán si el delito fue cometido o si el Ministerio Fiscal probó o no, más allá de duda razonable, todos los elementos del delito.

........

Como se les instruyó previamente, la acusación por sí sola no es prueba de que se cometió delito. La ley presume que el acusado [la acusada] _____es inocente del(de los) delito(s) mencionado(s) en la acusación. En todos los casos criminales aplica el principio fundamental establecido en la Constitución de Puerto Rico de que el acusado [la acusada] es inocente, a no ser que se pruebe lo contrario. Esta presunción de inocencia acompañará al acusado [a la acusada] _____ durante todo el juicio, y hasta el momento en que ustedes rindan su veredicto.

Proyecto de Libro de Instrucciones al Jurado de 2008, íd., págs. 12, 13.

Opino que esa instrucción es más que suficiente para evitar un perjuicio indebido al acusado. Afirmar lo contrario implicaría resolver que un jurado no puede entender un principio de derecho que está firmemente arraigado en nuestra jurisdicción, a saber, el mandato constitucional que garantiza al acusado la presunción de inocencia y exige que toda convicción esté sostenida **con evidencia** más allá de duda razonable. Pueblo v. García Colón I, supra; Pueblo v. Lugo, Rivero y Almodóvar, supra.

De igual forma, no podemos olvidar que el delito que se imputa en el pliego acusatorio que nos ocupa es el de maltrato mediante amenaza, Art. 3.3. de la Ley Núm. 54, supra. Para auscultar si en efecto se configuró una amenaza, hay que saber cuál fue la expresión en particular que alegadamente manifestó el sujeto activo al sujeto pasivo del delito. Así, resulta espinoso concebir cómo el Ministerio Público puede alegar en la acusación el elemento del daño determinado a la persona o los bienes apreciados por ésta sin colocar la frase que manifestó el sujeto activo. Por esa razón, la Opinión del Tribunal, pág. 13, tuvo que concluir con integridad intelectual que el contenido de la acusación "no es material irrelevante ni innecesario". Y es que en este caso el Ministerio Fiscal no expuso la frase en controversia por alguna razón maquiavélica. Simplemente, el Ministerio Público se aseguró de cumplir con el derecho constitucional que tiene todo acusado a conocer la naturaleza del delito por el

cual se le acusa, además de asegurarse que no se le está procesando dos veces por el mismo delito. En ese sentido, el caso es sencillo: la acusación por amenaza tiene que decir cuál es la amenaza alegada.

Una consecuencia adversa de este caso, es que se revoca con mucho disimulo nuestra decisión en Pueblo v. Calviño Cereijo, supra. Digo esto porque ahora le exigimos al Ministerio Fiscal que utilice un lenguaje talismánico, ya que todas las acusaciones se deben redactar en tercera persona gramatical. Pero como ya hemos señalado a la saciedad, ese nuevo requisito responde a un error conceptual. Se le aplican a una acusación las Reglas de Evidencia aunque eso no procede. Francamente, no creo que para determinar si una persona es culpable del delito que se le imputa, un jurado delibere sobre si la acusación se redactó en primera o tercera persona gramatical. No es necesario utilizar un lenguaje talismánico. Pueblo v. Calviño Cereijo, supra. Tampoco es convincente la distinción que hace la Opinión del Tribunal entre **el contenido** y **la forma** de una acusación. En el pasado, hemos tenido que dilucidar la suficiencia de acusaciones redactadas **en una forma** casi idéntica. De hecho, para muestra un botón basta.

Aún no se ha secado la tinta de nuestra decisión en Pueblo v. Ayala García, Op. de 13 de julio de 2012, 2012 T.S.P.R. 120, 2012 J.T.S. 133, 186 D.P.R. __ (2012). En

ese caso, la acusación imputó el mismo delito que nos ocupa. La acusación indicaba:

> El referido imputado, Abraham Ayala García, allá en o para el día 29 de abril de 2008, en Río Grande, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Fajardo, ilegal, voluntaria, maliciosa y criminalmente, violó el Art. 3.3 de la Ley 54, consistente (sic) en que el aquí imputado amenazó a la Sra. Moraima Vázquez Cotto, persona con quien convivió y han procreado dos hijos. Consistente (sic) en que le manifestó **"te voy a joder, eres una puta, cabrona, donde te coja te voy a joder"**. Sintiendo ésta temor por su vida. Alegando la víctima que tiene miedo porque siempre anda sola con sus hijos.

Como se aprecia, en ese caso el Ministerio Público también colocó entre comillas la frase que manifestó el sujeto activo al sujeto pasivo del delito, como es la práctica forense. Es razonable concluir que ese enunciado entre comillas provino de una declaración jurada. Sin embargo, a ningún miembro de este Foro le causó sospecha la redacción de esa acusación. Incluso, a base de esa acusación encontramos culpable al señor Ayala García de quebrantar el Art. 3.3 de la Ley Núm. 54, supra. Nos preguntamos: ¿esa acusación sobreviviría el análisis rígido que adopta la Opinión del Tribunal en el día de hoy?

Como señala la Opinión del Tribunal, esa no era la controversia central de ese caso. Y es que no había forma de que lo fuera. Como señalé en el comienzo de este

disenso, esta es la primera vez en nuestra historia -y en la historia de jurisdicciones análogas a las nuestra- que castigamos al Ministerio Público por colocar en la acusación uno de los elementos del delito que se imputa. Ahora bien, aunque la controversia en Pueblo v. Ayala García, supra, no era idéntica, **la realidad es que sí tuvimos que analizar con mucho cuidado la acusación** que presentó el Ministerio Público.

### III

Otro fundamento que utiliza la Opinión del Tribunal para justificar su proceder es la Regla 140 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que dispone que "[a]l retirarse a deliberar, el jurado deberá llevarse consigo todo objeto o escrito admitido en evidencia, excepto las deposiciones". Al interpretar esa regla, la Opinión del Tribunal, pág. 16, concluye que la práctica del Ministerio Público de citar expresamente porciones de la declaración jurada del perjudicado la contraviene. Fundamenta su conclusión en que esa práctica "evade subrepticiamente la prohibición de que las declaraciones -juradas escritas- sean consideradas por el jurado en el proceso de deliberación, al introducirlas a través del pliego acusatorio". Opinión del Tribunal, pág. 16. Esa conclusión es incorrecta. Nunca antes hemos impedido al fiscal imputar cuál fue la amenaza que a su juicio constituye un delito.

En <u>Pueblo v. Ramos Cruz</u>, 84 D.P.R. 563, 571 (1962), decidimos que era injusto para un acusado que el jurado se llevara al salón de deliberación **una confesión escrita del acusado**. En <u>Pueblo v. Martínez Díaz</u>, 90 D.P.R. 461 (1964), sostuvimos lo mismo en cuanto a **una declaración jurada completa** de un testigo. Como se puede apreciar, se quebranta la Regla 140 de Procedimiento Criminal cuando el Jurado se retira a deliberar y se lleva consigo una <u>confesión escrita</u> o <u>la declaración completa</u> de una testigo. Eso no ocurre en este caso.

De igual forma, nuestros pronunciamientos posteriores en <u>Pueblo v. Vega Román</u>, 92 D.P.R. 677 (1965); <u>Pueblo v. Colón Rivera</u>, 93 D.P.R. 852 (1967); <u>Pueblo v. Denis Rivera</u>, 98 D.P.R. 704 (1970) y; <u>Pueblo v. García García</u>, 98 D.P.R. 827 (1970), revelan que la Regla 140, <u>supra</u>, entra en escena una vez culmina el desfile de prueba y el jurado se retira a deliberar. En este caso, todavía no sabemos tan si quiera si la acusada va a ejercer su derecho a juicio por jurado. Así pues, me parece que el planteamiento de la defensa, que acoge la Opinión del Tribunal con beneplácito, es incierto y especulativo.

Por otro lado, en el caso que nos ocupa, se trata de dos oraciones que recogen la frase que constituye la amenaza propiamente. Sobre el particular, la Opinión del Tribunal, pág. 19 señala que "[h]oy son dos oraciones; mañana, tal vez, será media página de expresiones en primera persona gramatical, que fueron parte de una

declaración jurada, y que estarían disponibles en medio de un cuarto de deliberación". Con mucho respeto, me parece que la Opinión del Tribunal busca resolver un caso que no tiene ante su consideración. En este caso no se trata de media ni de una página de una declaración jurada. Nos enfrentamos a una acusación que solo busca recoger lo que alegadamente el sujeto activo del delito le dijo al sujeto pasivo, porque eso es lo que constituye el delito. Sin embargo, vale cuestionarse: **¿podrá existir algún caso en que una persona amenace a otra de una forma tan prolongada que sea necesario utilizar media página o una completa para poder describir adecuadamente en que consistió ese elemento del delito?** Responder en la afirmativa no es descabellado. Pero al parecer, la Opinión del Tribunal no contempla esa posibilidad.

Ahora bien, si intentamos unificar lo resuelto en Pueblo v. Ayala García, supra, con lo que hoy se resuelve, parece que no se vulnera la Regla 140 de Procedimiento Criminal, supra, si la cita directa de una declaración jurada ocupa menos de dos oraciones en una acusación. Pero si ocupa dos o más oraciones, se vulnera la Regla referida.

De igual forma, al momento de emitir su decisión, este Foro tiene que ser consciente de las consecuencias de su actuación. **En este caso**, la solución es enmendar la acusación y redactarla en tercera persona gramatical porque el juicio no ha comenzado, como indica la Opinión

del Tribunal, págs. 20-21. No obstante, **¿qué va a ocurrir en otros casos en que el juicio ya comenzó**? **¿Va a aplicar a esos casos la decisión del Tribunal? ¿Habrá algún impedimento bajo la cláusula de doble exposición para procesar nuevamente en esos casos?** En suma, no comprendo por qué es necesario utilizar un análisis tan tieso a la hora de analizar una acusación como la que nos ocupa.

IV

La obligación de probar lo alegado en la acusación es del Ministerio Público. Mientras más detalles alegue, más es lo que tiene que probar. De lo contrario, el jurado no hallará culpable al acusado de los cargos que carezcan de prueba para sustentarlos. En fin, el perjuicio que alega el acusado es imaginario.

Por los fundamentos antes expuestos, disiento respetuosamente de la decisión de este Tribunal de ordenar al Ministerio Público que enmiende en cinco días la acusación en este caso y la redacte en tercera persona gramatical. Por el contrario, confirmaría la decisión del Tribunal de Apelaciones que revocó la resolución del foro primario y resolvió que la acusación en controversia está redactada correctamente.


                                RAFAEL L. MARTÍNEZ TORRES
                                    Juez Asociado