EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
SANTOS FONSECA CARRASCO, acusado y apelante.

Números 16033–034.
*Sometido:* 1 de marzo de 1956. *Resuelto:* 28 de marzo de 1956.

*Pedro Roldán Figueroa* y *Santos P. Amadeo,* abogados del ape-
lante; *Hon. Secretario de Justicia José Trías Monge,* y
*Rafael L. Ydrach Yordán* y *Ramón C. Ruiz Sánchez, Fiscal*
y *Fiscal Auxiliar, respectivamente, del Tribunal Supremo,*
abogados de El Pueblo, apelado.

*PER CURIAM:* Santos Fonseca Carrasco fué acusado por
el fiscal del Tribunal Superior de Puerto Rico, Sala de Ca-
guas, de dos infracciones a la Ley de Armas de Puerto Rico
—Núm. 17 de 19 de enero de 1951: una de ellas por tener
en su poder un revólver sin haber obtenido licencia para
ello del Jefe de la Policía de Puerto Rico para su posesión—
art. 6 de la referida ley (*misdemeanor*)—y otra infracción
por portar sobre su persona un revólver cargado, con balas
sin disparar, sin tener para ello una licencia para portar
armas—art. 8 de la mencionada ley (*felony*).

El juicio por la infracción al art. 8, *felony*, se celebró ante un jurado, conjuntamente con el de la infracción al art. 6, *misdemeanor*, que fué visto por tribunal de derecho. Una vez pasada la prueba el jurado declaró culpable al acusado del delito *felony* imputádole y a su vez el juez lo declaró culpable del *misdemeanor*. En el primero fué sentenciado oportunamente a una pena de un año dos meses de presidio y en el segundo a la de seis meses de cárcel.

En apelación, tres son los errores que atribuye al tribunal sentenciador: (1) haberle privado del derecho a apelar con un récord taquigráfico de acuerdo con la sec. 3 de la Ley de 10 de marzo de 1904 (pág. 110), (2) resolver que el acusado podía ser enjuiciado y convicto de violar el art. 8 de la Ley de Armas a pesar de haber sido ya convicto de violar el art. 32 del mismo estatuto, y (3) resolver que el acusado podía ser convicto de violar las disposiciones de los arts. 6 y 8 de la referida ley.

■ Funda el apelante su primer señalamiento de error en la siguiente nota que el taquígrafo que actuó en el juicio incluyó en la transcripción de la evidencia sometida al tribunal, aprobada por éste, e incluída como parte de los autos de apelación: "(nota del taquígrafo)—Se procedió a la desinsaculación del jurado y no habiéndose planteado ninguna cuestión fundamental de derecho, se omite la transcripción de esta parte del récord de la desinsaculación del jurado, el cual quedó formado por las siguientes personas: [se relacionan por el taquígrafo los nombres y direcciones de los miembros del jurado]".

Invoca el apelante la sec. 3 de la Ley de 10 de marzo de 1904, que en lo pertinente dispone: "Dichos taquígrafos deberán tomar correctamente en taquigrafía todos los procedimientos orales que ocurren en dichos tribunales y las declaraciones tomadas en todos los casos que se vean ante dichos tribunales, más las partes, con el consentimiento del juez, pueden renunciar al derecho de que dicho taquígrafo tome en ta-

quigrafía cualquiera de dichos procedimientos o declaraciones".

Arguye el apelante que la omisión del taquígrafo de transcribir los incidentes relacionados con la desinsaculación del jurado lo priva del beneficio de una apelación completa para que este Tribunal pueda advertir en apelación, aun sin plantearlo el apelante, cualquier error perjudicial a él en los procedìmientos.

No tiene razón el apelante. Nada hay en los autos que indique que el taquígrafo no tomara la transcripción de los procedimientos relacionados con la desinsaculación del jurado. Su nota, que explica por qué no transcribió esa parte de los procedimientos, indica todo lo contrario. La transcripción de la evidencia fué notificada al abogado apelante, y aprobada por el tribunal, sin que surja de los autos constancia alguna de que se pusiera reparos a dicha transcripción o de que se solicitara del tribunal sentenciador que ordenara incluir en la misma la parte que había omitido.

La Ley de 10 de marzo que invoca el apelante no rige los hechos de este caso ya que el taquígrafo no dejó de tomar dichos procedimientos en taquigrafía. Lo que hizo fué omitir la transcripción de aquella parte relacionada con la desinsaculación del jurado, con lo que estuvo conforme el apelante al no gestionar que se completara dicha transcripción y consintiendo a su aprobación. Ni lo hizo ante el tribunal sentenciador, ni lo hizo ante este Tribunal. Se ha limitado a pedir la revocación de la sentencia porque se le ha privado del derecho a una apelación completa. No señala siquiera el apelante indicio alguno de error del tribunal sentenciador en el curso de la desinsaculación del jurado que pudiera sugerir perjuicio para él en dichos procedimientos.

■ Por su segundo señalamiento sostiene el apelante que él no podía ser enjuiciado y convicto de infracción al art. 8 de la Ley de Armas—portar un revólver cargado con balas sin disparar—toda vez que había sido condenado por el Tri-

bunal de Distrito de Puerto Rico, Sala de San Lorenzo, de una infracción al art. 32, inciso (a) de dicha ley, que dispone que salvo en casos de defensa propia o de actuaciones en el desempeño de funciones oficiales, será culpable de delito menos grave (*misdemeanor*) toda persona que: "a—voluntariamente dispare cualquier pistola, revólver y otra arma de fuego, escopeta de aire, o cualquier otra arma, o que arroje cualquier proyectil mortífero en un sitio público o en cualquier otro sitio donde haya alguna persona que pueda recibir daño, aunque no se cause daño a persona alguna".

En el curso del juicio el fiscal aceptó que el acusado había sido sentenciado por el Tribunal de Distrito, Sala de San Lorenzo, a pagar $10 de multa por haber hecho un disparo.

El apelante, invocando el art. 44 del Código Penal([1]) sostiene que tanto el art. 8 que prohibe la *portación* de un arma de fuego cargada, como el art. 32 que prohibe el que se *dispare* un arma, castigan el mismo acto, esto es, la *portación* de un arma de fuego cargada.

El art. 44 ya citado no se aplica en este caso. La *portación* ilegal de un arma de fuego, cargada, es un delito en el que se incurre independientemente de que se dispare o no el arma. El acto de disparar ilegalmente es un delito en el que se incurre independientemente de que la persona que lo ejecuta, en las circunstancias indicadas en el art. 32, tenga o no licencia para portar el arma. Son por lo tanto, violaciones de ley distintas y separadas.([2]) Cf. *Pueblo* v. *Albizu*, 77 D.P.R. 896, 907.

---

([1]) Artículo 44—"Un acto u omisión penable de distintos modos por distintas disposiciones de este Código, podrá castigarse con arreglo a cualquiera de dichas disposiciones pero en ningún caso bajo más de una; la absolución o convicción y sentencia bajo alguna de ellas, impedirá todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás".

([2]) El art. 43 de la Ley de Armas de Puerto Rico dispone: "El proceso y castigo de cualquier persona por cualquiera de los delitos definidos y castigados por esta Ley no impedirá el proceso y castigo de la misma persona por cualquier otro acto u omisión en violación de cualquiera de las demás disposiciones de esta Ley, del Código Penal o de cualquier otra ley".

No existe, pues, el segundo error señalado.

 Tampoco el tercero. El delito penado por el art. 8 de la ley por la *portación* ilegal de un arma de fuego cargada, es también uno separado y distinto del delito penado por el art. 6 sobre *posesión* ilegal de un arma de fuego. Se consuma bajo circunstancias y normas de ley distintas que excluyen la posibilidad de confusión (*merger*) de los mismos.

*Las sentencias serán confirmadas.*