ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**[1]

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>RECURRIDA(S)<br><br><br>V.<br><br><br>**MANUEL A. CANALES JUSINO**<br>ACUSADA(S)-PETICIONARIA(S) | **KLCE202500440 cons. KLCE202500501** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Caso Núm.<br>**D VP2025-0848 (404)**<br><br>Sobre:<br>Art. 5.07 Ley 22 Grave (2000) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 18 de julio de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **MANUEL A. CANALES JUSINO** (señor **CANALES JUSINO**) mediante dos (2) *Peticiones de Certiorari.* En el recurso identificado con el alfanumérico **KLCE202500440**, instado el 23 de abril de 2025, el señor **CANALES JUSINO** nos solicita que revisemos la *Resolución* decretada el 8 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[2] Mediante la referida determinación, el foro de instancia declaró no ha lugar la *Moción Solicitando Modificación de Fianza* presentada el 21 de marzo de 2025, por el señor **CANALES JUSINO**.

Posteriormente, el 7 de mayo de 2025, el señor **CANALES JUSINO** incoó el escrito, identificado con el alfanumérico **KLCE202500501,** en el cual nos solicita que revisemos la *Resolución* emitida el 2 de mayo de 2025 por el

---

[1] Véase *Orden Administrativa DJ 2024-062C* dictada el 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.
[2] Dicho dictamen judicial fue notificado y archivado en autos el 9 de abril de 2025. Apéndice de la *Petición de Certiorari* KLCE202500440, págs. 13- 14.

Número Identificador: RES2025_____

Tribunal de Primera Instancia, Sala Superior de Bayamón.[3] Mediante la aludida *Resolución*, el tribunal primario declaró no ha lugar el *Escrito en Solicitud de Desestimación* presentado el 26 de marzo de 2025 por el señor CANALES JUSINO.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

Por hechos acontecidos el 21 de abril de 2024, alrededor de las 8:50 de la noche, el MINISTERIO PÚBLICO, el 20 de marzo de 2025, presentó una *Denuncia* por violación al Artículo 5.07 (c) grave de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como la *Ley de Vehículos y Tránsito de Puerto Rico,* contra el señor CANALES JUSINO.[4] Se adujo que el señor CANALES JUSINO, conduciendo de forma negligente, impactó la parte posterior del neumático de la bicicleta en la que transitaba el señor ROLANDO MIRANDA ALEJANDRO (señor MIRANDA ALEJANDRO) (QEPD) ocasionándole la muerte en el acto por las lesiones. Celebrada la audiencia al amparo de la Regla 6 de las de Procedimiento Criminal, se determinó causa probable; se fijó una fianza de $100,000.00; y se apercibió al señor CANALES JUSINO que estaba citado para la Vista Preliminar (VP) pautada para el 2 de abril de 2025 a las 9:00 de la mañana. Además, se impuso la supervisión electrónica con "lock down".

Acto seguido, el 21 de marzo de 2025, el señor CANALES JUSINO presentó *Moción Solicitando Modificación de Fianza* en la cual peticionó la eliminación de la supervisión electrónica con "lock down".[5] Lo anterior, pues los hechos no justifican ordenar la supervisión electrónica con "lock down"; constituye un abuso de discreción; es irrazonable; y en violación a la Constitución del Estado Libre Asociado de Puerto Rico.

---

[3] Dicha determinación judicial fue notificada y archivada en autos el 5 de mayo de 2025. Apéndice de la *Petición de Certiorari* KLCE202500501, págs. 10- 14.
[4] Apéndice de la *Petición de Certiorari* KLCE202500440, págs. 5- 6.
[5] *Íd.,* págs. 3- 4.

Poco después, el 26 de marzo de 2025, el señor CANALES JUSINO presentó su *Escrito en Solicitud de Desestimación* planteando que la denuncia y acusación no expuso todos los hechos constitutivos del delito y el MINISTERIO PÚBLICO omitió uno de ellos.[6] En específico, arguyó que se menciona negligencia, pero no se alegan los hechos constitutivos de la negligencia; por ende, procede la desestimación al amparo de la Regla 64 (A) de las de Procedimiento Criminal.

Ese mismo día, se dictó *Orden* en la cual se le concedió cuarenta y ocho (48) horas al Programa de Servicios con Antelación al Juicio (PSAJ) para exponer su posición concerniente a la solicitud de modificación de fianza.[7] El 3 de abril de 2025, el PSAJ presentó su *Informe de Seguimiento* rendido por el señor Jorge L. García Rivera, trabajador social del PSAJ.[8] En mencionado *Informe,* acreditó que: (i) el señor CANALES JUSINO fue entrevistado y evaluado; (ii) el señor CANALES JUSINO prestó la fianza mediante un fiador privado; (iii) se emitió un *Auto de Excarcelación* disponiendo como condición que un funcionario del Programa de Servicios con Antelación al Juicio (PSAJ) acudiera a la institución penal para que le instalara el brazalete electrónico; y (iv) el PSAJ dejó a la discreción del tribunal recurrido, la determinación en derecho sobre la eliminación del grillete electrónico como parte de las condiciones impuestas de la fianza impuesta.[9]

El 8 de abril de 2025, se dictaminó la *Resolución* impugnada. Puntualizó que, evaluado el Artículo 5.07 de la Ley Núm. 22, *supra*, y la Regla 6.1 de las de Procedimiento Criminal, en los casos en que se impute la violación al Artículo 5.07 (B) de la Ley Núm. 22, *supra*, al fijar la fianza, el foro primario tendrá que imponer la condición de que se sujete a supervisión electrónica al imputado. Por ende, declaró no ha lugar la petición de modificación de fianza y mantuvo la supervisión electrónica.

---

[6] Apéndice de la *Petición de Certiorari* KLCE202500440, págs. 19- 22. 34 LPRA Ap. II, R. 34.
[7] *Íd.*, pág. 7.
[8] *Íd.*, págs. 8- 9.
[9] El 20 de marzo de 2025, el brazalete electrónico fue instalado.

Inconforme, el 11 de abril de 2025, el señor **CANALES JUSINO** presentó un *Escrito en Solicitud de Reconsideración y/o Conceder Permiso para Trabajar.*[10] Señaló que la Ley Núm. 154, *supra*, no es aplicable a su caso dado que fue aprobada cuatro (4) meses después del incidente; y que, de aplicar, el estatuto instituye unas condiciones que no estuvieron presentes en los hechos, como lo es huir o abandonar la escena, o estar bajo los efectos de bebidas embriagantes. Ante ello, reiteró su súplica sobre la modificación de la fianza, y la autorización de salir de su hogar entre 6:00 am a 8:00 pm para trabajar para sustentar a su familia. Ese día, se expidió *Orden* declarando no ha lugar a la petitoria de reconsideración y se le confirió cuarenta y ocho (48) horas al PSAJ para presentar su posición a la solicitación de permiso de trabajar.[11]

El día 23 de abril de 2025, **EL PUEBLO DE PUERTO RICO** presentó una *Moción en Oposición a Desestimación al Amparo de la Regla 64(A) de Procedimiento Civil* ante el foro recurrido.[12]

Aun insatisfecho, en la misma fecha, el señor **CANALES JUSINO** acudió ante este foro revisor, mediante el recurso **KLCE202500440**, señalando el(los) siguiente(s) error(es):

> Erró el TPI al imponer como [condición] al peticionario el uso de supervisión electrónica y lock down.

El 29 de abril de 2025, en el caso **KLCE202500440,** pronunciamos *Resolución* concediendo un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

Eventualmente, el 2 de mayo de 2025, se intimó la *Resolución* recurrida en la cual se determinó que, en casos de delitos graves, no procede la revisión de la determinación de causa probable para arresto, sin que se

---

[10] Apéndice de la *Petición de Certiorari* KLCE202500440, págs. 15- 17.
[11] *Íd.*, pág. 18.
[12] Apéndice de la *Petición de Certiorari* KLCE202500501, págs. 8- 10.

haya celebrado una vista preliminar.[13] Por tal motivo, declaró no ha lugar la solicitud de desestimación conforme la Regla 64 de las de Procedimiento Criminal, *supra*.

Ante su discrepancia con el último fallo, el 7 de mayo de 2025, el señor CANALES JUSINO presentó ante nos, el recurso **KLCE202500501**, señalando el(los) siguiente(s) error(es):

> Erró el TPI al no desestimar la Denuncia emitida el 20 de marzo de 2025, por la misma no imputar delito alguno en cuanto al peticionario Manuel A. Canales Jusino.

El 9 de mayo de 2025, en el caso **KLCE202500440,** pronunciamos *Resolución* concediendo un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

Más tarde, el 19 de mayo de 2025, en el caso **KLCE202500440,** EL PUEBLO DE PUERTO RICO presentó su *Escrito en Cumplimiento de Orden*.

El 23 de mayo de 2025, en el recurso **KLCE202500501,** EL PUEBLO DE PUERTO RICO compareció mediante *Escrito en Cumplimiento de Orden*. El 2 de junio de 2025, el señor CANALES JUSINO presentó *Réplica a Escrito en Cumplimiento de Orden*.

Evaluado concienzudamente los expedientes de los casos, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior

---

[13] La *Resolución* fue notificada y archivada en autos el 5 de mayo de 2025. Apéndice de la *Petición de Certiorari* KLCE202500501, págs. 10- 14.

instancia judicial.[14] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[15]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[16] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[17]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[18] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[19] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[20]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos

---

[14] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[15] *Íd.*
[16] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[17] *Íd.*
[18] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.
[19] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[21]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[22] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[23]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[24] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[25] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[26] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[27]

---

[21] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[22] *Íd.*
[23] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[24] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[25] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[26] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[27] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[28] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[29]

### - B - *Ley de Vehículos y Tránsito de Puerto Rico*

La Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como la *Ley de Vehículos y Tránsito de Puerto Rico,* implanta como política pública que el manejo de vehículos de motor en las vías públicas bajo los efectos de bebidas embriagantes, drogas o sustancias controladas, constituye una amenaza de primer orden a la seguridad pública. De conformidad con ello, el inciso (c) del Artículo 5.07 del citado cuerpo legal concreta:

> En aquellos casos en que la persona que condujere un vehículo de forma imprudente o negligentemente le ocasione la muerte a otra persona, incurrirá en delito menos grave con una pena de tres (3) años de reclusión. Si la persona conducía de forma temeraria, con claro menosprecio a la seguridad, y le ocasiona la muerte a otra persona, incurrirá en delito grave con una pena fija de ocho (8) años de reclusión y una multa de cinco mil (5,000) dólares. No obstante, lo anterior, si la persona que conducía un vehículo de forma imprudente o negligente le ocasiona la muerte de otra persona y se va a la fuga, incurrirá en delito grave con una pena fija de diez (10) años de reclusión y una multa fija que no excederá de diez mil (10,000) dólares. El Secretario revocará todo permiso o privilegio de conducir concedido a toda persona convicta por infracción a este inciso por un término de cinco (5) años.[30]

Por su parte, la Ley Núm. 22 fue enmendada por la Ley Núm. 154 de 12 de agosto de 2024, conocida como la *Ley Natalia Nicole Ayala Rivera*, específicamente sus Artículos 4.02 y 5.07, a los efectos de revisar la clasificación y condiciones relacionadas a la modalidad de irse a la fuga tras ocurrido un accidente que provoque grave daño corporal o la muerte de una persona; establecer como mandatorio la imposición de supervisión electrónica; eliminar la fianza diferida, así como excluir de toda convicción

---

[28] *García v. Asociación*, 165 DPR 311, 322 (2005).
[29] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[30] 9 LPRA § 5127 (c). Delitos por el cual fue acusado el señor **CANALES JUSINO.**

por dicho delito la posibilidad de obtener una sentencia suspendida o

libertad a prueba; y disponer para el cumplimiento consecutivo de su pena.

El Artículo 5.07, luego de su enmienda, prescribe:

En aquellos casos en que la persona que condujere un vehículo de forma imprudente o negligentemente le ocasione la muerte a otra persona, incurrirá en delito grave con una pena de tres (3) años de reclusión. Si la persona conducía de forma temeraria, con claro menosprecio a la seguridad, y le ocasiona la muerte a otra persona, incurrirá en delito grave con una pena fija de ocho (8) años de reclusión y una multa de cinco mil (5,000) dólares. No obstante, lo anterior, si la persona que conducía un vehículo de forma imprudente o negligente le ocasiona la muerte de otra persona y se va a la fuga, incurrirá en delito grave con una pena fija de quince (15) años de reclusión y una multa fija que no excederá de diez mil (10,000) dolares. El Secretario revocará todo permiso o privilegio de conducir concedido a toda persona convicta por infracción a este inciso por un término de cinco (5) años, contados a partir de la fecha en que culmine de cumplir la sentencia en cárcel. Este término de reclusión deberá cumplirse de forma consecutiva con cualquier otro término de reclusión impuesto por otro delito cometido como parte de los mismos hechos.

Asimismo, la Ley Núm. 154, *supra*, enmendó la Regla 6.1 de las de

Procedimiento Criminal concerniente a la fianza hasta que se dicte sentencia

y cuando se exigirá. En lo pertinente, la Regla lee como sigue:

En todo caso grave o menos grave en que hubiere derecho a juicio por jurado el magistrado exigirá la prestación de fianza al imputado para permanecer en libertad provisional hasta que se dicte sentencia. En casos apropiados el magistrado podrá permitirle al imputado permanecer en libertad provisional bajo su propio reconocimiento, bajo custodia de tercero, bajo fianza diferida o bajo cualesquiera condiciones que estime pertinentes imponer.
[...]
En los casos de personas a quienes se le imputen alguno de los siguientes delitos graves, según tipificados en el Código Penal de Puerto Rico y otras leyes especiales, además de fijar la fianza correspondiente, **el tribunal tendrá, al fijar la fianza, que imponer la condición de que se sujete a supervisión electrónica al imputado y aquellas otras condiciones enumeradas en el inciso (c) de la Regla 218, conforme al procedimiento establecido en dicha Regla**. Los delitos son:
[...] Artículo 4.02 o a los incisos (B) o (C) del **Artículo 5.07 de la Ley 22- 2000**, según enmendada.
[...]
En todos los casos en que se impute la comisión de los delitos enumerados anteriormente, **el tribunal contara con el informe de evaluación y recomendación de la Oficina de Servicios con Antelación al Juicio, salvo que no autorizara la fianza diferida**. El Ministerio Público tendrá derecho a revisar el Informe de Evaluación y Recomendación de PSAJ antes del inicio de la vista de determinación de causa probable para arresto o causa probable para arresto en alzada, según corresponda. En caso de que se determine causa probable para arresto en ausencia del

imputado, la fianza que fije el magistrado solo podrá ser modificada mediante mocion bajo la Regla 218.

### - C - *Contenido de la Acusación y la Denuncia*

Es sabido que, en nuestro ordenamiento jurídico procesal penal, el derecho de un acusado a la debida notificación de los cargos presentados en su contra es de rango constitucional. Nuestra Constitución cimienta que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma [...]".[31] Cónsono con lo anterior, el Ministerio Público tiene el deber de informar adecuadamente, mediante la acusación o denuncia (pliego acusatorio), sobre la naturaleza y extensión del o de los delitos imputados.[32]

Nuestro Más Alta Curia ha resuelto que el debido proceso de ley exige que la persona acusada sea notificada del o de los delitos en su contra para que pueda preparar una defensa adecuada ante el pliego acusatorio del Ministerio Público. Ello, se logra cuando se le informa al acusado de todos los elementos de la conducta que motiva el proceso penal en su contra.[33] Ahora bien, nuestro Tribunal Supremo concluyó que una acusación no tiene que calificar el delito con arreglo al Código Penal, ni tan siquiera expresar si es grave o menos grave.[34] Lo importante es que la acusación consigne los elementos del delito imputado en aras de notificar debidamente la naturaleza y causa de los cargos.

Así pues, la Regla 35 de las de Procedimiento Criminal promulga el contenido de la acusación y la denuncia. Dichos pliegos deberán contener:

(a) El título del proceso designando la sección y la sala del Tribunal de Primera Instancia en las cuales se iniciare el mismo. Si se tratare de una denuncia, el juez deberá ordenar la enmienda correspondiente en el título de la misma designando su sala en sustitución del magistrado ante quien se presentó la denuncia.

(b) La identificación del acusado por su verdadero nombre o por aquel nombre por el cual se le conociere. Si se desconociere

---

[31] Const. PR, Art. II, § 11.
[32] *Pueblo v. Soto Molina*, 191 DPR 209, 218 (2014); Const. PR, Art. II, § 7.
[33] *Pueblo v. Soto Molina, supra*, pág. 223.
[34] *Pueblo v. Santiago Cedeño*, 106 DPR 663, 666 (1978).

su nombre, se alegará ese hecho y se le designará por un nombre ficticio.

[...]

(c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.

(d) La cita de la ley, reglamento o disposición que se alegue han sido infringidos, pero la omisión de tal cita o una cita errónea se considerará como un defecto de forma.

(e) La firma y juramento del denunciante o del fiscal según se dispone en las Reglas 5 y 34, respectivamente.[35]

Es relevante resaltar que nuestra Alta Curia ha afirmado que el Ministerio Público no tiene que utilizar un lenguaje estereotipado, técnico, sacramental o talismánico, ni un uso estricto de palabras del estatuto penal, para presentar una denuncia o acusación.[36] De esta forma, conviene destacar una decisión de nuestro Más Alto Foro, en la cual se discurrió que una acusación, bajo la *Ley de Sustancias Controladas* -una ley especial-, con alegaciones de que el acusado actuó "ilegal, voluntaria, maliciosa y criminalmente", era suficiente para imputar el elemento de "a sabiendas o intencionalmente".[37]

En cuanto a los defectos de forma de los pliegos, la Regla 36 del aludido cuerpo legal precisa que "[u]na acusación o denuncia no será insuficiente, ni podrán ser afectados el juicio, la sentencia o cualquier otro procedimiento basado en dicha acusación o denuncia, por causa de algún defecto, imperfección u omisión de forma que no perjudicare los derechos sustanciales del acusado".[38]

### - D - *Desestimación*

---

[35] 34 LPRA Ap. II, R.35.
[36] *Pueblo v. Calviño Cereijo*, 110 DPR 691, 693-694 (1981).
[37] *Pueblo v. Meléndez Cartagena*, 106 DPR 338, 341- 342 (1977).
[38] 34 LPRA Ap. II, R.36.

Nuestro ordenamiento jurídico procesal penal adoptó unas Reglas de Procedimiento Criminal para asegurar la tramitación justa de todo proceso penal y evitar dilaciones.[39] Dicho conjunto de normas incluye la opción de la desestimación al amparo de la Regla 64 de las de Procedimiento Criminal.[40] El inciso (a) de la Regla, permite solicitar la desestimación, cuando la acusación o denuncia no imputa delito y el (p), cuando no se determinó causa probable por un magistrado o no se ordenó la detención con arreglo a la ley y al derecho.[41]

Nuestro Mas Alto Foro ha expresado que existen dos (2) escenarios particulares mediante los cuales procede la desestimación de la acusación o denuncia, conforme la Regla 64 (p). Estos son:

> [1] en aquellas circunstancias en las que se determine causa probable para acusar, **a pesar de la ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado.** [...] [2] cuando se haya infringido alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar.[42]

La determinación de causa probable para acusar prescrita por un Tribunal goza de una presunción de corrección, por lo cual el acusado debe persuadir al foro que atienda una moción de desestimación que la determinación de causa probable no fue conforme a uno de los escenarios en derecho instituidos en la Regla 64 (p) de las de Procedimiento Criminal, *supra*.[43] Es decir, que hubo ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado o cuando se infringió en alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar.

- III -

**KLCE202500440**

---

[39] D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 10ma edición (2018), págs. 2– 3.
[40] *Id*.
[41] 34 LPRA Ap. II, R. 64 (p) y (a).
[42] *Pueblo v. Negrón Nazario,* 191 DPR 720, 735 (2014).
[43] *Pueblo v. Negrón Nazario, supra*.

En su recurso, el señor CANALES JUSINO cuestionó la determinación de imponerle supervisión electrónica con "lock down". Enfatizó que el día de los hechos, 21 de abril de 2024, las circunstancias eran las siguientes: era de noche durante unas lluvias intensas; la alegada victima cruzaba la avenida en bicicleta sin tomar precaución; ocurrido el accidente, se detuvo inmediatamente y permaneció en el lugar hasta que las autoridades correspondientes llegaron y le permitieron retirarse.

El señor CANALES JUSINO punteó que no se encontraba bajo los efectos de bebidas embriagantes y arrojó .000 en la prueba de campo de alcohol. Afirmó que reside en Toa Baja junto a su familia, no tiene antecedentes penales y no es un peligro para la comunidad. Ante ello, agregó que la Ley Núm. 154, *supra*, no aplica a su caso, por haber sido aprobada cuatro (4) meses con posterioridad a la fecha de los hechos, y aun de aplicarse, no se cumplen las condiciones que la ley impone, a saber, huir o abandonar la escena o estar bajo los efectos de bebidas embriagantes. Por ello, imploró que se modificara la *Resolución* objetada para eliminar la supervisión electrónica con "lock down".

Por su parte, EL PUEBLO DE PUERTO RICO detalló que el señor CANALES JUSINO no cumplió con incluir algún señalamiento de error conciso y la discusión del derecho aplicable a sus planteamientos. Además, que la Regla 6.1 de las de Procedimiento Criminal, según enmendada por la Ley Núm. 154, *supra*, es clara en cuanto a aquellos delitos en los que un tribunal no tiene discreción para imponer o no las condiciones sobre la libertad bajo fianza, requiriendo que el tribunal imponga de manera obligatoria las condiciones de supervisión electrónica y *"lock down"* sobre la libertad bajo fianza cuando una persona sea imputada de violar el Artículo 5.07 (c) de la alusiva ley. Razonó que, toda vez que la supervisión electrónica es una medida cautelar para proteger la seguridad del pueblo, no constituye una medida punitiva, por lo que su aplicación retroactiva es válida.

### KLCE202500501

En cuanto a la segunda *Petición de Certiorari,* el señor **CANALES JUSINO** argumentó que la *Denuncia* carece de imputar un delito al indicar que "conducía de forma negligentemente el vehículo de motor marca Toyota, modelo Sequoia, color blanco, tablilla HUN-403", y al no especificar el hecho constitutivo de negligencia (acto negligente). Ello, en detrimento de la preparación de su defensa, al no conocer la negligencia que se le imputa. Por consiguiente, presentó una moción sobre desestimación al amparo de la Regla 64 (a) de las de Procedimiento Criminal, la cual permite desestimar una acusación o denuncia al no imputar un delito.

Por el contrario, **EL PUEBLO DE PUERTO RICO** discutió que, en la *Denuncia*, en efecto, se incluyeron todos los elementos del delito tipificado en el Artículo 5.07 de la Ley Núm. 22, a saber, que: (1) conducía un vehículo de motor negligentemente; y (2) le ocasionó la muerte a una persona. En ese sentido, apuntaló que el señor **CANALES JUSINO** quedó debidamente notificado del delito imputado. En relación con la negligencia, enfatizó que se especificó en la *Denuncia* que mientras iba conduciendo por el carril izquierdo, impactó la parte de atrás del neumático de la bicicleta en la que estaba montado el perjudicado.

A los fines de evaluar los planteamientos de las partes, hemos justipreciado ambos expedientes. En el caso **KLCE202500440**, el señor **CANALES JUSINO** impugnó la determinación de imponerle supervisión electrónica con "lock down". En el expediente **KLCE202500501**, el señor **CANALES JUSINO** discrepó que la *Denuncia* no imputa delito alguno. En otras palabras, el señor **CANALES JUSINO** objetó la determinación de causa probable sin especificar detalladamente cuáles de los elementos del delito imputado faltaban al igual que la apreciación de la prueba desfilada en la audiencia sobre Regla 6 llevada a cabo el 20 de marzo de 2025, sin haber acompañado una transcripción de la prueba oral.

Acorde con lo anterior, debemos colegir que el señor **Canales Jusino** no nos ha puesto en posición para intervenir con las determinaciones recurridas sobre la solicitud de modificar la imposición de la supervisión electrónica con "lock down" y la desestimación de la *Denuncia* por no imputar delito alguno. Esto es, como tribunal revisor, sólo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con perjuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Nada en este expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala y determinó causa probable por el delito del Artículo 5.07 (c) de la Ley 22; impuso la supervisión electrónica con "lock down"; y decidió no desestimar la *Denuncia*.

## - IV -

Por los fundamentos que anteceden, ***denegamos*** la expedición de ambos autos de *Certiorari* entablados el 23 de abril de 2025 y 7 de mayo de 2025, respectivamente, por el señor **Canales Jusino**. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Rivera Marchand concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones